HENRY BACON, RICE COOK and SALLY GOODRICH, *against*
FONES WILBER.

DECLARATION, in debt, for $500, the penalty of an arbitration bond, reciting that differences existed between the defendant and the plaintiffs, respecting the line subdividing lot No. 16, in *Saratoga Patent*: that the establishment of that line had been referred, by them, to arbitrators, whose decision should be final and conclusive, in respect to the title of the parties: *that a certain* CEDAR POST, *standing on the bank of Hudson's river, nearly opposite* SMITH'S *tavern, in Stillwater, should be the point or place from whence the arbitrators should commence their survey: that the original* submitted the settlement of a division line between their farms, and the *bonds* recited that a *cedar post* should be the place of beginning, and that the lines described in certain *original leases*, should guide as to courses and distances; and that parol evidence should be excluded; and the *award* adopted a *stake* as the place of beginning, and *certain stakes* newly set up, &c. to regulate the courses and distances, and said nothing as to the *cedar post* or *original leases*: held, that the *place of beginning*, and *courses* and *distances*, mentioned in the *award*, should be intended the *same* as those described in the *bonds*. The contrary is matter of defence, and comes properly from the defendant.

*Upon demurrer to a declaration, on an arbitration bond, it will be intended that the arbitrators acted within the submission, unless the contrary appear upon the face of the award. Accordingly, where parties*

Where the bonds of submission provide, that if the arbitrators shall award, that the lands of A are in possession of B, then B shall surrender the lands, and pay the costs of an ejectment, brought by A, for their recovery; and the arbitrators award accordingly; and further, that B should surrender the land, and pay the costs of the ejectment: held, that though they had no power to award the *surrender* and *payment*, yet, these being a part of the condition, an action lies on the bond for a breach in either particular.

And, in such a case, where it appears, by the submission, that A and B own adjoining lots, the settling the division line between which is the subject of the submission, an award, which declares that B is in possession of A's land, and, at the same time, declares the division line between them by courses and distances, is sufficiently certain, as to the extent of the possession, and B is bound to surrender accordingly.

Though an award is bad in one part, yet it may be good in another, if there is no connexion between the two subjects, and they do not depend upon each other.

If the submission be of a particular thing, and the award be of that and something else, though the latter be void, the party is bound to fulfil the former. It is void only *pro tanto*.

In a declaration upon a bond, conditioned to pay the taxable costs of a suit, *licet sæpius requisitus* is good, on general demurrer.

leases, given by Gen. Schuyler, in which the courses and distances are laid down, should be submitted to them, as evidence ; and that parol evidence be excluded : and further, that if the award should be, that the defendant had any land of the plaintiffs' in his possession, he should surrender it, and pay the taxable costs of a suit in ejectment, brought by the plaintiffs, against the defendant. The declaration then sets forth the condition of the bond, which was to abide the award, &c. of and upon the premises. It then sets forth an award, that the line, subdividing lot No. 16, begins at a STAKE, in the margin of Hudson's river, 28 chains southerly, down along said river, from the division line of lots 16 and 17 ; and runs thence westerly, along stakes recently set up, to the land of Isaiah Dean : that the defendant, being in possession of the land belonging to the plaintiffs, the defendant should pay to the plaintiffs the taxable costs referred to in the bond, and surrender the land according to the stakes. The declaration averred, that the taxable costs amounted to $42,20, which the defendant had refused to pay, although often requested, &c. whereby, &c. (concluding, as in debt, for the penalty.)

General demurrer and joinder.

*R. M. Livingston*, in support of the demurrer, objected,

1. That the arbitrators had exceeded their authority. They disregard the monument, the *cedar post*, and establish a *stake* as the place of beginning. They disregard the *courses* and *distances* in the leases of *Gen. Schuyler*, and substitute a line (along *stakes* recently set up,) to *Dean's*.(a) Again : they had no power to award the costs of the ejectment. These were not in dispute ; and were not to be passed upon by the arbitrators. They became due, in virtue of the *bond itself*, on the *award* being made, pursuant to the terms of submission. The award was a condition precedent. This being void, no action lies for the costs. The same reasoning applies to that part of the award, which directs a surrender of the land. The submission was, to determine whether the defendant had land of the plaintiffs in

(a) *Pratt v. Hackett*, 6 John. 14. *Solomons v. McKinstry*, 2 John. 57. S. C. 13 *John.* 27. *Macomb & Bouck v. Wilber*, 16 *id.* 227. *Jackson v. Ambler*, 14 *id.* 96.

NEW-YORK,
May, 1823.

BACON
v.
WILBER.

possession. This being decided, the bond provided for its surrender.

2. The award is uncertain. To be good, it must be so certain as to enable the parties to comply with it.(b) Where is the division line of lots No. 16 and 17? To ascertain it, the patent must be run out by surveyors. Are the 28 chains to be run in a *right line*, or follow the *windings* of the river? and at what distance from the river? Where is the *stake* in the margin? What quantity is meant, by "*the land?*" Where is it situate? and at *what side* of the *stakes?* The award of *taxable costs*, without saying more, is also uncertain.

3. The declaration is in the usual form of debt, *on the award*,(c) not on the *bond*. The breach is in the non-payment of $42,20, the *taxable costs*. Yet the declaration demands the *penalty*. To maintain debt on an award, it must be solely for a sum of money due *in numero*.(d)

4. *Licet sæpius requisitus*, generally, is insufficient. A taxed bill, of these costs, should have been served, with a demand of payment. A special request ought, therefore, to have been averred, the omission of which may be taken advantage of, on general demurrer.(e)

*G. Palmer*, contra. The plaintiffs seek, by an action on the bond, to recover the costs of the ejectment, which they aver to be $42,20. And the only question is, whether these can be recovered, either as *costs awarded*, or *due* by the *terms* of the submission. The awarding of costs was incidental to the power of the arbitrators; or, if not so, yet the *express* agreement set forth in the bond, relative to these costs, conferred that power. The award was to be "*of and upon the premises.*" But, admitting they had no such power, it is a part of the *condition*, that the costs should be paid, if the award is against the defendant; and so much as relates to the costs may be rejected as surplusage. The declaration states all the circumstances of the case, but is, in substance and effect, a declaration in debt, upon the penalty of the bond. It will be intended, that the arbitrators acted within the powers delegated to them, till the contrary appear; and it is

(b) 2 John. 57. 13 id. 27. Kyd on Aw. 194 to 205. Phil. ed. of 1808.

(c) 2 Ch. Pl. 145. 2 Saund. 61 h. n. 2. 1 Ch. Pl. 293 to 295.

(d) 2 Ch. Pl. 145, n. (t) 1 id. 102, n. (q) and cases there cited. 2 Saund. 62 b. n. (5)

(e) 1 Ch. Pl. 322 to 325. Id. 320, n. (h) and authorities there cited. Id. 293 to 295. Id. 309. 2 Saund. 62 a. n. 4, and cases there cited.

NEW-YORK,
May, 1823.

BACON
v.
WILBER.

enough, for the purposes of this action, that the award is certain in pointing out the land of the plaintiffs, which was in possession of the defendant. That it is so, is plain, from the award, when taken in connexion with the subject submitted, as it is described by the bonds.

*Curia*, per WOODWORTH, J. The breach assigned, is, for the non-payment of the *costs*.

It is necessary for the plaintiff to shew, that the contingency upon which the costs were payable, has happened. The contingency was, " *if the award should be that the defendant had any land of the said Henry, Rice and Sally, in his possession.*" The defendant is not liable, unless a valid award has been made. It is contended, on behalf of the defendant, that the arbitrators exceeded their powers, in several particulars ; and that, therefore, the award is void. The first objection is, that the arbitrators established a *stake*, in the margin of the river, instead of the *cedar post*, as the commencement of the dividing line, and were not governed by the proper evidence.

It does not appear that the *cedar post* was disregarded. There is no averment that the *stake* is not at the identical *place* where the *cedar post* stood when the bond was executed. We cannot intend that the arbitrators commenced running the line at a different place from the one designated. If they did, it was matter of defence, and must be shewn by the defendant. The same reasoning applies to the objection, that the courses and distances, in the original leases, were not followed. The award says, *the line runs westerly, along stakes recently set up.* We have no evidence that the *stakes* were not set on the line designated by the courses and distances. The award, to be valid, must be certain, and settle and determine the subjects in controversy. It is evident, in this case, that when once the dividing line is ascertained, the controversy must be at an end. The plaintiffs claimed title in one lot, the defendant in another.

If the defendant possessed land included in the plaintiffs' lot, the line being run, ascertained the extent of that possession; and, according to the terms of the submission, the defendant was bound to surrender it. *Payment* of the costs, and *surrender* of the land, were made to depend on the *award*. If, on establishing the line, the defendant had possession of the plaintiffs' land, he bound himself to surrender and pay the costs. I understand, by the submission, that the arbitrators were to *settle the line* only. The parties required nothing beyond this. They stipulated, in their bonds, for the *payment* of costs, and *surrender* of possession, to the party in whose favour the award might be. If the award is good, as to the *line*, the defendant is bound, by his own stipulation, as to the *costs*. On this the plaintiffs must rest their right to recover. It is true the arbitrators had no authority to award the costs,(*a*) or that the land be surrendered. That was not submitted to them. The award, in this respect, is merely void. This being conceded, does not affect the plaintiffs' right to recover, provided they have shewn a good award as to the line between lots No. 16 and 17, which is the point submitted. I think there is sufficient *certainty*. The *place of beginning* is pointed out. *Stakes* were placed the whole extent of the line. A survey of the patent, to ascertain the division line, would be useless. Enough is shewn to enable either party to decide, whether his possession corresponded with it. If it did, there was no room for further litigation.

Although the award is bad in part, it does not affect the residue, on which the plaintiffs rely. There is no connex-

(*a*) And an attachment for not paying them, had the award been made a rule of court, it seems, would not lie; because, although due upon the bond, *as a sum stipulated to be paid*, and depending upon the award, yet they are not due *as a sum of money awarded;* and, therefore, would not come within the rule: and so it was held in *Strutt* v. *Rogers*, (7 *Taunt. Rep.* 213,) in relation to costs which the bonds of submission declared should abide the event of the award.

NEW-YORK, ion between the two subjects, nor do they depend on each
May, 1823. other. The rule is well settled, that if the submission be
JACKSON of a particular thing, and the award is of that which is sub-
v. mitted, and also of something else, though with respect to
STACKHOUSE. the latter it be void, the party is bound to perform the rest.
(*Kyd on Awards*, 244. 2 *Roll.* 46.) It is void only *pro tan-
to*, because not connected with the residue, so as to affect
the justice of the case. (13 *John.* 264, *Martin et al.* v.
*Williams*.)

I am of opinion that the plaintiffs are entitled to judg-
ment.

Judgment for the plaintiffs,