## *Ex parte* WALLIS.(a)

THE relator and Holley submitted their matters in difference to arbitrators by general arbitration bonds, in the penalty of $5000, conditioned in the usual form; agreeing that the bond and submission be made a rule of this court.

The arbitrators, on the 9th of September, 1826, awarded that Holley should give Wallis his (H.'s) promissory note

*The penalty of an arbitration bond does not limit the power of the arbitrators so that they cannot award a sum beyond it.*

*An action of debt will lie on an award of money, without regard to the penalty of the bond.*

*The penalty is important only to enforce payment of damages for a revocation; in which case the bond must be made the direct foundation of the action.*

(a) 6 Cowen, 581, S. C.

at one year, indorsed by two persons named, for $13,614, with interest.

The order making the submission, &c., a rule of this court having been served, and the $13,614 demanded of, and not paid by Holley, nor the note given,

A motion was now made for an attachment. And the only question was, whether it should go for the whole sum, or be limited to the penalty.

[*523]　　　　　*J. I. Roosevelt, for the motion.

*Curia.* The penalty of the bond has nothing to do with the power of the arbitrators.(a) For this they must look to the condition. The penalty may be wholly disregarded for any purpose of enforcing the award; and an action of debt brought upon the award itself, where it is for the payment of money.(b) The penalty is important only where the opposite party revokes the submission; and an action is brought to recover damages. There the bond must be made the direct foundation of the action.[1]

Motion granted.

(a) It is otherwise of a verdict taken at the English *nisi prius*, to cover an award. The amount of the verdict cannot, in such case, be exceeded by the arbitrator. (5 East, 139; 1 Taunt. 152.)

(b) 2 Saund. 62, *b*, and the cases there cited.

[1] At common law, it was not necessary that a submission to arbitrators should be in writing; except where the controversy related to land, or to some matter, in respect to which it was incompetent for parties to make a valid and binding agreement by parol. *Valentine* v. *Valentine*, 2 Barb. Ch. Rep. 430. (Vide Billings' Law of Awards, 9; Kyd on Awards, 7; 2 Cox's Ch. Cas. 369.)

And where a submission is verbal, without any provision therein, that the award shall be in writing, a verbal answer is valid at common law. Tb. (Vide 3 Buls' Rep. 311.)

Where a matter is submitted to arbitrators, it is not necessary that there should be any express agreement to abide the award when made. The law implies such an agreement from the very fact of the submission. Ibid.

Arbitrators have authority to decide conclusively, all questions of law necessary to the decision of the matter submitted to them, unless they are restricted by the terms of the submission, or unless it appears on the face of their award, that they intended to decide according to law, but have decided contrary to law. And there is no distinction, in this respect, between the

authority of arbitrators who are selected from the legal profession, and that of other arbitrators. *Boston Water Power Co.* v. *Gray*, 6 Met. Rep. 131.

The decision of arbitrators, to whom all questions of fact and law are submitted, and who act fairly, is conclusive, unless it can be impeached and avoided by proof of fraud practised on them, or proof of mistake or accident, by which they were deceived and misled, so that their award is not, in fact, the result of their judgment. But their mistakes in drawing conclusions of fact from evidence or observation, or in adopting erroneous rules of law or theories of philosophy, are not a legal cause for avoiding their award. Ib. Am. Ch. Dig., p. 213, 214.

In a suit at law on an arbitration bond for not performing an award, it is a good defense, that the party sought to be charged had no notice of the hearing, and did not attend. *Elmendorf* v. *Harris*, 23 Wen. 628. Reversing, S. C. 5 Wen. 516.

Proof that arbitrators, before making an award, resigned their authority, and that such resignation was accepted by the parties, is admissible in bar of an action on an award. *Relyea* v. *Ramsay*, 2 Wen. 602.

A promise by a party in whose favor an award is made, to correct any mistakes which which may have been made by the arbitrators is void, for want of consideration. A defendant cannot avail himself of such defense in an action on the award. *Efner* v. *Shaw*, 2 Wen. 567.

It is no defense in an action on an award, that the arbitrators awarded a sum of money upon a claim, which the law could not enforce. *Mitchell* v. *Bush*, 7 Cow. 185.

Upon demurrer to a declaration on an arbitration bond, it will be intended that the arbitrators acted within the submission, unless the contrary appear upon the face of the award. *Bacon* v. *Wilbur*, 1 Cow. 117.

Accordingly, when parties submit the settlement of a division line between their farms, and the bonds recited that a certain post should be the place of beginning, and that the lines described in certain original leases should guide as to courses and distances; and that parol evidence should be excluded; and the award adopted a stake as the place of beginning, and certain stakes newly set up, &c., to regulate the courses and distances, and said nothing as to the cedar post, or the original leases; held, that the place of beginning, and courses and distances mentioned in the award, should be intended the same as those described in the bonds. Ib.

The contrary is matter of defense, and properly comes from the defendant. Ib.

When the bonds of submission provide, that if the arbitrators shall award that the lands of A. are in possession of B., then B. shall surrender the lands, and pay the costs of an ejectment brought by A. for their recovery; and the arbitrators award accordingly: and further, that B. should surrender the land and pay the costs of the ejectment; held, that though they had no power to award the surrender and payment, yet these being a part of the condition, an action lies on the bond for a breach in either particular. Ib.

Where the first count of a declaration is, in form, upon a bond for the payment of money, though the bond may be, in fact, one for the performance of an award, a plea of revocation is a nullity. *Frets* v. *Frets*, 1 Cow. 335.

And this though it be joined in the same declaration with a count upon another bond in the same words, conditioned to perform an award. Ib.

Each count is in nature of a distinct declaration, and must be answered as such; and will not take its character from any other count in the same declaration, where it does not in terms refer to it. Ib.

A plea to a declaration on a bond for performance of an award, that the defendant by a writing sealed, revoked the powers of the arbitrators, need not aver the notice to the arbitrators or the opposite party. This is implied in the term revoked. Ib.

Nor is such a plea exceptionable, as attempting to put in issue matters of law. Ib.

The addition to such a plea that the defendant also revoked the bond, is mere surplusage, and does not vitiate. Ib.

Though the instrument of revocation do not in terms declare that the party revokes the submission; yet, if enough appears therein to show an intention to revoke, it is sufficient. Ib.

Accordingly, where the parties had submitted to arbitration, by bond, and two of them signed and sealed a revocation, thus, " to J. J. and S. M. (the arbitrators) and E. F. (the opposite party) we, the subscribers, revoke. Take notice that the arbitration bonds executed by us and you, &c." Held sufficiently certain as a revocation. Ib.

The same rules applied by the judges in construing a revocation as a contract. Ib.

The prayer of a plea of revocation in answer to a declaration setting forth a bond and an award, may be in bar of the action. Ib.

It need not be simply in bar of the award. Ib.

Though where the powers of the arbitrators are revoked, the penalty is forfeited, and the plaintiff may assign breaches, and have his actual damages assessed. Ib.

The plaintiff should assign the revocation as a breach—not the non-performance of the award. Ib.

The parties agreed to submit to three persons, to determine the sum which the defendant should pay to the plaintiff for land, of which the plaintiff had the legal title, but which was occupied or claimed by the defendant, and that the plaintiff should convey the same to the defendant. The arbitrators awarded that the plaintiff should convey to the defendant certain land, describing it by metes and bounds, and that the defendant should pay a certain sum to the plaintiff. In an action of covenant on the agreement for nonperformance of the award, the defendant pleaded that he did not occupy or claim the land awarded to be conveyed to and paid for by him, and on the trial a verdict was found for the defendant. Held, that the plea, though informal and amounting only to a plea of no award, involved the merits of the case, and showed that the arbitrators had awarded upon a matter not alleged in the plea; the plaintiffs were not entitled to judgment, *non obstante veredicto*, which can only be on the merits and not on the form or manner of pleading. *Macomb* v. *Wilber*, 16 J. R. 227.

Under the plea of no award, the defendant may show that the arbitrators awarded on a matter not submitted to them. Ib.

Where fees are awarded to be paid by one of the parties to the arbitrators, it seems that the other party cannot recover them in an action on the award, at least without actual payment by him. *Platt* v. *Smith*, 14 J. R. 368.

Where an award creates a new duty, instead of that which was in controversy, the party has his remedy on the award, and cannot resort to the original cause of action; for the award is a good bar to that action. *Armstrong* v. *Masten*, 11 J. R. 189.

It is unnecessary, in pleading it, to aver performance of the thing awarded. Ib.

No action lies on the penalty of an arbitration bond, for the non-performance of an award, where the award is not made within the time specified in the condition of the bond; though the parties, by an agreement under their hands and seals, had enlarged the time for making the award, and though the award was made within such enlarged time. *Freeman* v. *Adams*, 9 J. R. 115.

In such case the proper remedy is in the submission implied in the agreement to enlarge the time. Ib.

A set-off is allowable against an award in an action on the arbitration bond. *Burgess* v. *Tucker*, 5 J. R. 105.

So an award for the payment of money may be set-off. Ib.

Although a set-off may be allowed in an action on an arbitration bond extending beyond the sum awarded, the penalty of the bond remains as security for all future breaches of the condition. Ib.

Payment of the sum awarded is equivalent to a final discharge from the party to whom paid; and from the payment a discharge will be presumed. *M'Kinstry* v. *Solomons*, 2 J. R. 57. *Purdy* v. *Delavan*, 1 C. R. 304.

The plea of *nil debet* is proper in debt on an award, and is the general issue. This requires the plaintiff to show a valid award; therefore, special pleas of no award are bad on demurrer. A replication that sets out no award determining how much has been paid on the contract mentioned in the submission at the time it was executed, is bad on demurrer. Arbitrators are justified in withholding an award until their fees are paid. When the submission involves conditions or alternatives, the award will be bad unless the arbitrators pass upon the matters so conditionally submitted; and the proceedings of the arbitrators must follow the terms of such submission with more strictness than when the submission is general in its terms. *Ott* v. *Schroeppel*, 3 Barb. 56. N. Y. Dig. p. 144, *et seq.*