JOHN S. DALRYMPLE v. TOWN OF WHITINGHAM.

*Selectmen, their Powers. Arbitrators. Award. Town Orders. What matters are proper to be considered, in assessing damages occasioned by laying a highway.*

The power and duties of selectmen are given and limited by statute, and when they cannot agree, with the person interested in lands taken for a highway, upon the damages, they may submit the same to arbitrators; but they can only submit those matters proper to be considered in ascertaining the damages sustained by taking the land for which they, as selectmen, are authorized to make compensation; and the arbitrators in ascertaining the damages, are confined to such facts and matters, as could be taken into consideration by the selectmen.

And in ascertaining the damages for land so taken for a highway, the only matters proper to be considered, are " the value of the land taken, the expense of fencing against the road, and the damage done to the land remaining."

And where the arbitrators in ascertaining the damages, took into consideration the injury sustained by the plaintiff by the discontinuance of the old highway, and the expense of building a cross road on plaintiff's land, *it was held*, that these matters were not within the submission, as the selectmen, under the statute, could not have made compensation for either of those matters, and, therefore, could not legally submit them to arbitration.

And where the selectmen of a town and the plaintiff, by express agreement, submitted all the matters passed upon by the arbitrators, but the submission as to some of the matters was not binding on the town, and the arbitrators verbally published their award, which consisted of distinct findings on distinct matters, having no connection—*Held*—that it is competent for the plaintiff to declare in assumpsit for the aggregate amount of the award, and that those matters improperly allowed and which can thus be definitely ascertained and computed, may be disallowed, and a recovery had by the plaintiff for the balance, or upon that part of the award which was good and legal.

And where the arbitrators made up their award of distinct sums, awarded on distinct matters, having no connection with each other, and so verbally publish their award to the parties; the statement of the aggregate amount of the award by the arbitrators will not render the award entire and indivisible; nor will such an effect be produced, if after so publishing the award, they give to one of the parties, at their request, a written statement of the amount of the award, intended for the use of the party, and not as a publication of the award.

A town order in these words, " The treasurer of the town of Whitingham is directed to pay to W. H. Follett or bearer, ten dollars and eighty-six cents on demand, Jan. 7, 1851," has all the elements of negotiable paper, and when such orders are drawn, presented for payment, and payment refused, they are negotiable, and can be prosecuted in the name of the indorsee.

XXVI          23

When a town order is delivered and accepted by a party, it operates as a satisfaction of the amount for which it is given, and the remedy of the party is only upon the order, and no recovery can be had upon that, until after the order has been presented to the treasurer of the town for payment.

ASSUMPSIT in which the plaintiff declared specially on a submission to and award of arbitrators. The declaration also contained the common counts.

Plea, the general issue, and trial by jury.

On the trial it appeared that the selectmen of the town of Whitingham, on the 16th day of July, A. D. 1850, duly laid out and surveyed a public highway in said town, across lands owned by the plaintiff jointly · with James S. Dalrymple, and other lands owned by the plaintiff with one James S. Dalrymple, Jun., which survey was duly recorded in the town clerk's office in said town, on said 16th day of July.

That the making of said highway across said lands, was soon after commenced by said town, and the work of construction was prosecuted by said town during the summer and fall of said year.

That the plaintiff, (who was duly authorized by his co-tenants to act for them in the premises,) and the selectmen of said Whitingham, being unable to agree upon the amount of damages sustained by said parties, by reason of the laying out of said highway, across the said lands, agreed to submit, and did, on or about the 15th day of September, A. D. 1850, submit said matter to the arbitrament and final award of John A. Winslow and Noah Wells—and that at the time said submission was made, the said selectmen were informed by the plaintiff, that he was authorized by his co-tenants to act for them and in his own name in making said submission, and in conducting all the proceedings under or upon it, and the plaintiff, it appeared, had in fact such authority.

That the selectmen with this knowledge, and knowing the state of the titles to said land, made the said submission with the plaintiff, and it appeared that the selectmen appointed Freeman Worden, one of their number to appear at said hearing, and manage at the same, under said subm'ssion—that on the 24th day of October, 1850, the said parties appeared before the said arbitrators, and were heard in the premises.

That the plaintiff, at said hearing, claimed that the laying out and

opening of the said new highway, would result in the discontinuance of part of the old highway, lying in Whitingham and Readsboro, contiguous to and running parallel with said new highway, both being on the same line of travel; and that said discontinuance would diminish the value of timber lands belonging to him and his co-tenants, lying contiguous to said old highway; and that said discontinuance would make it necessary for him and said James S. Dalrymple to build a cross road from their house in said Whitingham, and on said old highway, to the said new highway, a distance of about fifty rods across their joint lands in said Whitingham; and also further claimed the expense of building one fence on the line of said new highway, in said Whitingham, through lands owned jointly by him and his said co-tenants, as damages sustained by reason of the laying said highway through said lands.

That said arbitrators were duly informed of the state of the titles of said lands, and of the agreement that the business should be done in the name of said plaintiff.

That after a hearing in the premises, the said arbitrators, on the said 24th day of October, 1850, *made and verbally published their award to the plaintiff and said selectmen;* and therein awarded to the plaintiff as damages sustained by him and his co-tenants, by reason of the location of said new highway over their lands, the sum of $198,75, damages and five dollars costs of reference.

And that as part of said publication the said arbitrators then and there stated *that forty dollars of said sum had been allowed by them, as damages for the discontinuance of the said old highway,* in said Whitingham, and that *fifty dollars of said sum had been allowed as damages for building said cross road,* and that $108,75, the residue of said $198,75, was for the expense of building one fence on the said new highway across said lands, and that they had set off the value of the land taken for the new highway against the benefit which the plaintiff and his co-tenants would derive from the laying of the said new highway; *and that the award was in fact made up in the manner and of the distinct sums so declared by the said arbitrators.*

That said selectman, while the hearing was in progress, told the said arbitrators, that the said old highway would be discontinued, and wanted the claim for damages therefor to be considered and

passed upon by them; but insisted that no damages should be allowed therefor, but this was said without any other authority than that conferred by the submission and his appointment aforesaid. That after the decision had been made verbally, as aforesaid, the said selectman requested the said arbitrators to make and deliver to him a written statement of their said award.

Thereupon they delivered to him the following statement in writing, which was accepted by him as satisfactory.

"We the subscribers having been selected by H. Sawyer, F. "Worden, and H. Corkins, selectmen of Whitingham, in behalf "of said town in the one part, and J. S. Dalrymple of Readsboro', "of the other part, for the purpose of estimating the damages "caused by locating a certain road in said Whitingham, over the "lands of said Dalrymple, having met the parties, and heard their "allegations and arguments, do award and determine that said "Dalrymple recover of the said town of Whitingham the sum of "one hundred and ninety-eight dollars and seventy-five cents, in "full of all damage to him in consequence of location, together "with costs of reference, taxed at five dollars.

(Signed)                         "NOAH WELLS
                                 "JOHN A. WINSLOW.
"Readsboro', Oct. 24, 1850."

It also appeared that the said selectmen paid to the said arbitrators the five dollars, costs; and that said old highway has never been discontinued; and that demand was duly made of payment of the said award, before this action was commenced.

Under the common counts the plaintiff offered in evidence the three following town orders, viz:

1. "$10,86.   The Treasurer of the town of Whitingham is directed to pay to W. H. Follett or bearer ten dollars and eighty-six cents on demand.

(Signed)                         H. SAWYER } Selectmen.
                                 F. WORDEN }
Jan. 7, 1851."

2. "$15,75.   The town Treasurer is directed to pay W. H. Follett or bearer fifteen dollars and seventy-five cents, on demand.

(Signed)                         H. SAWYER    } Selectmen.
                                 JOSIAH BRIGGS }
Whitingham, Feb. 28, 1852."

3. " $1,50. The town Treasurer is directed to pay, John S. Dalrymple one dollar and fifty cents on demand, for labor on the highway in August and September, 1850, by agreement of select-men of last year.

(Signed)　　　　　　H. SAWYER　　⎱
　　　　　　　　　　S. D. FAULKNER ⎰ Selectmen.

Whitingham, March 18, 1851."

It appeared that the first of said three orders had at its date been duly presented to the treasurer of said town of Whitingham, and payment demanded thereon; and that the persons signing said orders severally as selectmen, were such at the time of sign-ing; and that said orders were the property of the plaintiff .at the time this suit was brought; and that neither the 2d or 3d order had ever been presented to the treasurer of said town for payment.

The County Court, December Term, 1853,—PIERPOINT, J., presiding,—instructed the jury that the plaintiff was not entitled to recover all or any part of said award—nor the sum mentioned in the first or second order—but that the plaintiff was entitled to recover under the count for work and labor, on the considera-tion of the third order, as it appeared said consideration was for work and labor performed by said plaintiff. It also appeared that said order was delivered and received by the plaintiff in payment for said labor.

The jury returned a verdict for plaintiff to recover $1,50, the amount of the third order.

To the ruling and instructions of the court, as to the right of the plaintiff to recover on said submission and award, and to his right to recover under the common counts, the sums mentioned in the first and second orders, the plaintiff excepted.

And to the ruling and instructions of the court, as to said order for $1,50, the defendants excepted.

O. L. Shafter and W. H. Follett for plaintiff.

The instructions to the jury were erroneous in these particu-lars.

I. There was error in the charge that the plaintiff on the facts found was not entitled to recover the whole amount awarded.

The arbitrators had equitable powers: 1 Swift's Dig. 468.—They could therefore give remote and contingent damages, as well

as those proximate and certain. The $40 and the $50 are allowed in the award, not as independent claims, foreign to the laying of the road; but as damages sustained by " *reason of the laying of the said new road over the said lands.*"

Whether these remote damages would ultimately appear in the series of effects resulting from the laying of the road was a question of fact, upon which the finding of the arbitrators is conclusive, for that question was within the scope of the submission. *Emerson* v. *Udall,* 8 Vt. 357.

II. There was error in the instruction, that the plaintiff was not entitled to recover any part of the sum awarded.

The instructions should have been (assuming that the award was void as to the $40 and the $50,) that the plaintiff was entitled to recover the $108,75, awarded for the fence on the new road. For that sum was not so connected with the other two that an allowance of it would effect the justice of the case. 1 Swift's Dig. 468–470. *Martin et al.* v. *Williams,* 13 Johns. 264. *Rixford* v. *Nye,* 20 Vt. 132. *Ut res majis valeat, quam pereat.*

III. There was error in the instruction that the plaintiff could not recover under the money counts, the amount of the first order, payment thereof having been duly demanded before the commencement of the suit. *Mattocks* v. *Lyman et al.,* 16 Vt. 113. *Perry* v. *Smith,* 22 Vt. 301. *Hay* v. *Hyde,* 1 D. Chip. 214. Comp. Stat. 118 § 46, 56. *Chase & Grew* v. *Burnham,* 13 Vt. 447. *Franklin* v. *Marsh,* 6 N. H. 364. *Kimball* v. *Huntington,* 10 Wend. 675. *Cummings* v. *Gassett,* 19 Vt. 308. Story on Promissory Notes § 12, 51, 489. *Learnard* v. *Walker,* Brayton 203.

*D. Roberts* for defendants.

I. The authority of the selectmen to submit to arbitration the question of damages, for laying out or altering highways, is given in Chapt. 22 § 19, Comp. Stat. Aside from this section they would probably have no such power. *Dix* v. *Dummerston,* 19 Vt. 262.

The only matters which the selectmen could lawfully submit, was the amount of damages for laying out of the highway; and this is all they did submit.

The statute gives no damages for the discontinuance of a highway. But this award was especially outrageous, in that it covered certain fanciful damages to occur from the mere problematical dis-

Dalrymple *v.* Whitingham.

continuance of the old road, whereby, when this should happen, if it should happen, certain wood lands of the plaintiff and his brethren, would lack a road to market, and their dwelling house would be left in the fields, occasioning a necessity for a new private road, as an outlet, across their own lands.

We need not inquire whether the award may not be good in part, for it is declared upon as an entire thing.

As an entire thing it is subject to two fatal objections:

1. It is without the submission.

2. It is against law.

II. As to the rejected town orders.

The selectmen may draw orders on the treasurer, not without limit, but for claims which they are authorized to audit and allow. Comp. Stat. Chapt. 15 § 48–49.

The act is an official one. The orders are warrants to the treasurer to pay the sum named in them, one town officer issuing the order to another.

When so drawn, presented and payment refused, an action lies *upon the orders.* § 56.

But here the declaration does not count upon the order; nor upon an *insimul computassent.*

To recover upon the money counts, it must appear either, 1st. that the original consideration was money, and not merged in the orders, 2d. the orders must of themselves be evidence, like a bill of exchange, or promissory note, of a money consideration.

*As to the first ground—*

It is to be observed, that no consideration is expressed in the orders—that none was proved—and whatever the original consideration was, that the plaintiff was an apparent stranger to it.

*As to the second ground—*

A town order is not much like a bill of exchange. It is not a written request from one person to another to pay money absolutely; but as here, a written direction from one town officer to another, to pay out of a particular fund; his authority to pay depending upon the sufficiency of the fund. It is not a promissory note for a like reason. No question of reasonable demand can arise, as in case of a bill; no notice of dishonor necessary.

A partner after dissolution, though with special authority to receive all debts, and discharge all claims of the partnership, cannot

indorse a note to bind the firm, though given to the firm.  1 Parson's Cont. 44, note (q.)

So a mere power to audit and allow claims (Comp. Stat. Chapt. 15 § 49) does not authorize the selectmen to give promissory notes and bills of exchange, in the name of the town ; more especially as the statute prescribes the kind of instrument, which the selectmen are authorized to draw.

*As to the second order.*  It never having been presented, no action lies upon it.  Treating it as a bill, no recovery could be had upon the original consideration, without proof of its dishonor. Chit. on Cont. 771.

III.  *As to the order allowed—*

As it was received as payment, the original demand was necessarily extinguished, though the order had been blank paper.  But being a legal instrument, upon which the plaintiff could have perfected a right of action by demand, he could not revive the original consideration, by his own neglect to present the order to the treasurer.

The opinion of the court was delivered by

Isham, J.  The special count in this declaration is upon an award of arbitrators.  We learn from the case, that on the 16th of July, 1850, the selectmen of Whitingham laid out a public highway, over land owned by the plaintiff, and James S. Dalrymple, and also over land owned by the plaintiff and James S. Dalrymple, Jun.  It appears that the plaintiff was authorized by those jointly interested with him in the lands, to make the submission, and take the award in his own name, so that no objections from that matter arise in the case.  The statute authorizes the selectmen to take the land of individuals for that purpose, on paying therefor a just and adequate compensation.  The 19 sect. of Comp. Stat. 164, provides, that if the selectmen and the persons interested in the land so taken, are unable to agree upon the amount of· compensation, or damages, they may refer the same, to be ascertained and determined by an award of arbitrators.  The powers and duties of selectmen are given and limited by statute.  They can submit to the consideration of arbitrators that matter only, which can properly be considered in ascertaining the damages sustained for taking the land, and for which they, as selectmen, are authorized to make

Dalrymple *v.* Whitingham.

compensation. The arbitrators are required to discharge, in this particular, the duty which was imposed upon the selectmen, and in ascertaining the amount of damages, they are confined to such facts and considerations only, as could be taken into consideration by the selectmen.

We see no objection to the submission; that is, the selectmen have submitted no matter to the arbitrators, but what, by the act, they were authorized to do. The selectmen being unable to agree, upon the amount of damages sustained by reason of laying out the road, they agreed to, and did submit the matter to arbitration. This power is directly conferred upon them by statute. The question is therefore resolved into the inquiry, whether the arbitrators, in ascertaining the amount of damages, took into consideration matters not submitted to them, and which the selectmen had no power to submit. In the case of *Commonwealth* v. *Norfolk*, 5 Mass. 435, it was held "that the value of the land taken, the expense of fencing against the road, and the damage done to the land remaining," were the only matters proper to be taken into consideration. This rule was recognized in *Livermore* v. *Jamaica*, 23 Vt. 363.

From the award of the arbitrators we perceive, that in reporting the sum of $198,75 as damages sustained, and for which the town were to make compensation, they allowed the sum of $40, for the discontinuance of the old road. For this matter, no damages should have been allowed; as the plaintiff was not under the statute entitled to compensation, either from the selectmen, or under the award of the arbitrators. It is only when land is taken for public use, that compensation is to be made; not where land reverts to the owner, by a discontinuance of a public easement. This matter was therefore improperly allowed by the arbitrators, and was not within the submission.

The allowance of the further sum of $50, for building a cross road for the plaintiff's use, and entirely on his own land, was improperly made. This matter has no relation to the value of the land taken, nor to the value of the land remaining. It is merely a matter of personal convenience to the plaintiff, in the use of his farm, which the town are under no obligations to provide him with or make compensation for. The selectmen, under the act, could not have made any allowance or compensation to the plaintiff, for either of those matters, and therefore could not have legally sub-

mitted them to arbitration. The remaining $108,75 was allowed for building a fence on the line of the new road, and was properly submitted and taken into consideration by the arbitrators; and for this a recovery should be had in this action, unless the award is rendered inoperative and void, in consequence of those matters having been considered and determined, which were not submitted to their consideration.

The important inquiry in the case, therefore, arises, whether a recovery can be had in this suit for the matters properly allowed in the award, by disallowing those matters for which damages should not have been given, and for which the town are under no obligation to make compensation. As a general rule, an award may be good in part, and bad in part. It may be bad for one thing, and good for another. In 3 Phil. Evid. 1027, it is said that if the sub-" mission be of a particular subject, and the award cover that, and " another subject, yet, if there is no connection between the two, " and they are in no wise dependent upon each other, it shall be " enforced as to the one within the submission, and held void as to " the other." *Baron* v. *Miller,* 1 Cow. 117. *Clement* v. *Dargin,* 1 Greenl. 300.

It appears from the exceptions, " that the arbitrators *made and verbally published their award* to the plaintiff, and the selectmen; and as a part of the award, and publication, the arbitrators stated that forty dollars was allowed for the discontinuance of the old road, and fifty dollars for building the cross road." It is also stated, " that the award was in fact made up in the manner and of the distinct sums so declared by the arbitrators." The statement of the aggregate amount of the award by the arbitrators will not render the award entire and indivisible, when from the facts appearing on the face of the award, it appears to have been made up of distinct matters, having no connection with each other, and the amount allowed on each matter is capable of being definitely ascertained. Neither will such an effect be produced, because subsequently to publishing the award, the arbitrators gave to the selectmen, at their request, a written statement of the amount of the whole award, which was designed for their use, and not for the plaintiff, and never intended as a publication of the award. We must regard the award, therefore, as having been verbally made, consisting of distinct matters and having no connection with each

other. Under such circumstances, the case falls within the rule above mentioned, and which is well sustained by the authorities. The plaintiff was, therefore, entitled to recover the sum of $108,75, which was allowed by the arbitrators for building the fence along the line of the new road.

If this had been an action of debt on bond for the performance of an award, perhaps, it would have been more proper to have set up that part of the award which is valid, and to have merely assigned a breach of that, as the non-performance of that part only, would constitute a breach of the bond. 2 Saund. 293, note 1.— Watson on Arbit. 135. But in this action of assumpsit, we think, it was competent for the plaintiff to declare for the aggregate amount of the award, as the matters of which it was composed were expressly submitted by the plaintiff and the selectmen, and they agreed to abide by it. But that agreement, as to some of the matters submitted, is not binding on the town. Those matters, therefore, which were improperly allowed by the arbitrators, and which can be definitely ascertained and computed, may be disallowed, and a recovery had for the balance; the same as in an action on note, where its consideration consists of several distinct things, each of which is distinct from the others, and the precise amount of reduction to be made is a matter of definite calculation. In such case, on a failure of a part of the consideration, the note will be reduced *pro tanto*, and a recovery will be allowed for the remainder. *Paris* v. *Stone*, 14 Pick. 198, 210. 2 Greenl. Evid. § 136.

The declaration also contains the general counts, under which the plaintiff seeks to recover the amount of three town orders, two of which were payable to Mr. Follett or bearer, and the other to the plaintiff. The two orders given to Mr. Follett were disallowed by the court. In relation to the order dated Jan. 7, 1851, we think it was improperly disallowed, and that the plaintiff was entitled to recover its amount. It has all the elements of negotiable paper, and when such orders are drawn, presented for payment, and payment refused, they are negotiable, and can be prosecuted in the name of the indorsee; and on common principles, a recovery can be had in assumpsit under the general counts, on all negotiable paper, whether the action is between the immediate parties to the instrument, or whether brought by the indorsee against the maker of the note, or acceptor of a bill. The order dated Feb-

Dalrymple *v.* Whitingham.

ruary 28, 1852, was properly disallowed, as no demand for payment was made previous to the commencement of this suit. A demand for payment on the town treasurer, is necessary by statute.

We think there was error also, in the allowance of the order dated March 13, 1851, upon which a recovery was had. When this order was delivered, it operated as a satisfaction of the amount for which it was given, so that no suit could be sustained on that matter. The remedy of the party is only upon the order itself, and no recovery can be had on the order, until it is presented to the town treasurer. As this order was never presented for payment, no recovery can be had on it, nor on the consideration for which it was given. Comp. Stat. 118 § 48, 49.   119 § 56.

The result is, that the judgment of the County Court must be reversed, and the case remanded.