HON. PIERPOINT ISHAM, &#125; ASSISTANT JUDGES.
HON. MILO L. BENNETT, &#125;

---

### HENRY C. TAFT *v.* THE TOWN OF PITTSFORD.

*Highway. Town order.*

A petition for the discontinuance of a highway, laid by the selectmen, but not yet built, does not suspend, or prevent their immediately proceeding with the building of the highway.

An appeal by a landowner from the laying of a highway vacates the previous orders of the selectmen respecting it, and suspends all their operations and proceedings for the purpose of building the road.

Taft *v.* Pittsford.

A person who has contracted to build a road, laid by the selectmen, cannot proceed with his contract, after he receives notice of such an appeal, and recover of the town therefor.

Nor can he recover upon an order given by the selectmen for work performed after receiving notice of such an appeal.

The order counted upon, in the present case, *held* to have been given for such work, and not in compromise of a claim for damages for such a termination of the contract.

ASSUMPSIT. The declaration contained a special count upon the town order, hereafter described, and the general counts for money, work and labor, materials, &c. Plea, the general issue; trial by jury, March Term, 1855,—PIERPOINT, J., presiding.

The plaintiff read in evidence the order counted upon, which was signed by a majority of the selectmen of the town of Pittsford, and had been presented to the treasurer for payment, and was in the words following:

"The town treasurer is directed to pay Henry C. Taft one hun-"dred dollars, it being in part payment in building road from depot "to foot of Town hill. *Pittsford*, September 26, 1853."

From the other testimony of the plaintiff, it appeared that a road was laid out by a majority of the selectmen of Pittsford, in June, 1853, from the depot to the foot of Town hill; and that about the first of August, 1853, said selectmen made a contract with the plaintiff to build said road, which was two hundred and six rods in length, for $2 per rod, $100 to be paid as soon as he performed labor on the road to that amount; the work to be commenced as soon as any of the landowners would consent; that the landowners for about half the distance soon thereafter consented, and the plaintiff commenced work under his contract, and, at the date of the order, had performed labor to the amount of $100; and, in payment therefor the above order was given.

The defendants offered in evidence a petition to the county court of Ashur Burditt and others, for the discontinuance of said highway, which was served on the 12th of August, 1853, with a record of the proceedings thereon, and claimed that the plaintiff could not recover for any work performed under his contract, after the service of that petition. This evidence was objected to, and the court excluded it, to which the defendants excepted.

The defendants further offered in evidence a petition to the

county court, of Chester Granger and Joseph Tottingham, land-owners, objecting to the laying of said highway, which was served on the first of September, 1853, together with the proceedings thereon, which resulted in the discontinuance of said highway; accompanied with proof that the plaintiff was present at the time said petition was served, and knew in reference to it, and that he was then requested to give up his contract, but refused. This testimony was objected to by the plaintiff, but was admitted by the court, and, in reference to this testimony, the jury were instructed that the plaintiff could not recover upon the order, if the value of the labor performed on the road up to the first of September, 1853, did not amount to $100, or, if any part of the order was for work and labor performed by him on said highway after the first day of September, provided he then received the notice which the defendants' testimony tended to show was given.

The plaintiff offered evidence to prove that he made expenditures in preparing to execute his contract for building said highway, in the purchase of tools and otherwise, before the first of September, 1853; but this testimony, being objected to, was excluded by the court; and the court further charged the jury that, under his general counts, the plaintiff could not recover for any expenditures made in preparing for the work, and that he could only recover for the value of the labor performed up to and including the first day of September, if, upon that day, he received notice of the land-owners' appeal. Evidence having been introduced as to the value of the work done up to, and including the first day of September, the jury found it to be $5, and returned a verdict in favor of the plaintiff for that sum. To the admission of the defendants' testimony which was objected to, and to the exclusion of that offered by the plaintiff, and to the charge of the court, as above detailed, the plaintiff excepted.

*Briggs & Hyatt* for the plaintiff.

*W. H. Smith* and *Roberts & Chittenden* for the defendant.

The opinion of the court was delivered by

REDFIELD, CH. J. It was decided by this court, during the last year, in the county of Franklin, that county orders are not negotia-

ble, when made payable to order, chiefly upon the ground that the question of the authority of the judges, in drawing the order, should be kept open to examination, into whosever hands the orders might come. The same reason would apply, with even greater force, to town orders drawn by the selectmen. But see *Dalrymple* v. *Whitingham,* 26 Vt. 345.

If the selectmen had no power to make the contract for building the road, at the time they made it, or, if the appeal of the land-owners suspended all right to proceed with the work, then the order is not binding, unless it can be maintained as the compromise of a controverted claim, or in some other mode.

1. The order, upon the face, professes to be in part payment for building the road, and not a compromise of a claim for damages, by not being able to complete the work, and no proof seems to have been given to sustain the order upon any such ground.

2. The declaration does not count upon any such claim for damages. It cannot, therefore, be urged as a substantive ground of recovery aside from the order.

3. Something was said that the plaintiff should be allowed to recover for materials which the plaintiff had provided, with the purpose of using them in this work. The difficulty here is, that such materials could not be recovered for, under the general counts, until they had been put to the defendants' use, which is not shown in the case.

It would seem that the case must turn chiefly upon the effect of the appeal of the landowners. For, although there may be some ground to question the propriety, ordinarily, of selectmen going forward and building a highway, before the time, limited by statute, for the owners of land to throw the same open to be worked, we are not able to see any satisfactory ground upon which the power to do so, by consent of the landowners, is denied. And, if they have the power to build the road, and charge the town with the expense, they could, of course, make the contract they did with the plaintiff. But it seems to us that his right to charge the town with the expense of performing the contract, should depend upon the continued right of the selectmen to go forward with the work. In other words, the plaintiff, making a contract with a public board of

officers, is bound to know how far the powers of such officers are limited, and in what event they cease and their work is stayed, and to understand that his contract with them will be subject to such limitations and restrictions as the general public statutes of the state impose upon the subject matter.

We do not think that a general petition, like the earliest one in the present case, to discontinue this highway, could have any such .effect as to suspend the building of the road. It is, in no sense, connected with the laying of the road, by the selectmen, although it is dependent upon their refusal to discontinue the road. And there is no provision in the statute that such a general petition shall stay the building or opening of the road.

But the petition of the landowners is more in the nature of an appeal from the very act of laying the road. The statute provides, too, that, upon such petition being preferred to the county court, " the opening of the highway shall be stayed until the decision of the county court." This word " opening," as applied to a highway, is no doubt susceptible of some uncertainty in its import. It may refer to the opening of the land to be wrought into a highway, or to the opening of the highway for travel, or it may involve all the acts intervening between the two events referred to above; that is, the entire building of a highway, in popular language, is implied in the opening of the highway. And, in this sense, it might involve the paying of the land damages to those through whose land the highway passed. From the other portions of the same provision, it seems obvious to us that it was the purpose of the statute to suspend all proceedings towards erecting the survey into a highway. This section provides that the county court shall make order for the opening of the road, as in the fifty-sixth section, which seems to imply that the county court, if they establish the road, shall make all the orders anew, both for opening the land and completing the road, the same as in cases originally brought to that court. And the county court are also to make order for the payment of land damages, and to issue execution in default of payment. All which shows very fully that the statute was intended to bring the case, as upon appeal, into the county court, and to suspend all proceedings towards building or opening the road. And

this, the plaintiff was bound to know might occur, when he made his contract. And, when it did occur, and came to his notice, he was bound to cease his operations.

It would seem that, after this appeal, the selectmen had no more power to charge the town with the continued expense of building the road, than they would have had after the road had been actually discontinued. The effect of the proceedings is evidently intended to be much the same, as to building the road, as ordinary appeals, that is, to vacate the former proceedings in laying the road; so that the laying of the highway, by the selectmen, was, in effect, vacated by the appeal, as really as it was by the final decision accepting the report of the county court commissioners.

We think, therefore, the court were right in restricting the recovery to the work done before the service of the appeal, and notice to the plaintiff.

Whether this recovery should be had upon the order, or the common counts for labor, &c., is not, perhaps, very material.

Judgment affirmed.