J. N. MOORE ET ALS. v. THE TOWN OF CHESTER.

*Mandamus. Highway. Gen. Stat. ch. 24, §44.*

When the selectmen of a town, on application for that purpose, refuse to lay out a highway therein, any three or more freeholders of the town or vicinity, although not the same persons who signed the petition to the selectmen, may make application to the county court for that purpose, under §44, ch. 24, of the Gen. Stat.

Such application, when brought within a reasonable time, is in season, although not brought to the next term of the court, and more than twelve days intervene between the refusal of the selectmen and the next term.

Petitioning for a highway to be laid to the line of a town, there to connect with a proposed highway to be laid through an adjoining town, thence into an adjoining county, is not petitioning for a highway to be laid out of the former town.

PETITION FOR MANDAMUS. The petitioners preferred their petition to the May term, 1872, of the county court, setting forth that Martin R. Lawrence and others, in October, 1871, made application to the selectmen of the town of Chester to lay out and survey a public highway in said town, to connect at the line of said town with a proposed highway to be laid out by the town of Springfield, which last named highway was to connect with a highway to be laid out by the town of Rockingham, in Windham county, and that said selectmen, on the 28th day of said October, refused to lay out said highway, and praying that said court lay out and establish said highway, and for the appointment of commissioners. The defendant filed a motion to dismiss said last named petition, because the same was not brought to the term of said court next succeeding the refusal of said selectmen to lay out said highway,—alleging that more than thirty days intervened between the time of said refusal and the then next term of said court, and that a term of said court intervened between said refusal and the bringing of said petition,—and because said proposed highway extended into the two counties of Windsor and Windham, wherefore said court had no jurisdiction of the subject-matter of said petition. Said court, at the May term, 1872, BARRETT, J., presiding, *pro forma*, sustained said motion, and dismissed said petition, wholly upon legal grounds, finding as matter of fact, that the same was brought within a reasonable time

after the refusal to lay said highway, and holding, so far as vested in the discretion of the court, that the same was seasonably brought. The petition to this court, as originally drawn, prayed for a writ of *certiorari ;* and as amended, for a writ of *mandamus* also.

*C. B. Eddy* and *W. C. French*, for the petitioners.

The county court having, *pro forma*, dismissed the petition, the only way to get the legal questions in the case before this court previous to the act approved November 21, 1872, was by *certiorari.* *Adams* v. *Newfane*, 8 Vt. 271; *Paine* v. *Leicester*, 22 Vt. 44; *Lyman* v. *Burlington*, Ib. 131.

This petition is based on §44, ch. 24, of the Gen. Stat., which does not limit the time when the petition to the county court shall be brought.

The second objection cannot prevail, as the highway asked for would be wholly in the town of Chester. The petition to the selectmen was clearly within the purview of §1, ch. 24, of the Gen. Stat.

*L. Adams* and *H. H. Henry*, for the defendant.

If the petition to the county court could in any event have been brought to that court, it could only have been brought to the next term thereof after the refusal of the selectmen to lay the road. Such was the evident intention of the legislature, as §44, of ch. 24, of the Gen. Stat., under which these proceedings are had, refers to the three preceding sections, which specifically designate the " next term " of the county court. Moreover, the legislature indicates its intention fully in this section itself, when it uses the words, " at least twelve days before said court."

The road prayed for, connecting with and being a portion of a proposed highway extending into another county, not opened for travel, comes clearly within the language of §64, and the petition should have been originally brought to the supreme court.

The opinion of the court was delivered by

WHEELER, J. It is claimed that §44, of ch. 24, of the Gen. Stat., under which the proceeding in question was brought, refers

to §§41, 42, and 43, of that chapter, so that proceedings like this under §44, must be commenced as promptly as is required by §41. But the words, " as before provided in this chapter," in §44, refer to the sections which provide for application to the selectmen, and not to §41. The proceeding provided for in §41, is like an appeal from the decision of the selectmen laying the highway, and stays all proceedings until it is disposed of. *Taft* v. *Pittsford*, 28 Vt. 286. In that proceeding, the landowner is the appealing party, and he can decide at once whether he desires to appeal or not, and there was good reason for requiring him to proceed at once. The proceeding under §44 is different. It is necessary that application be made to the selectmen before it can be made to the county court, but it need not be made by the same persons. Application to the selectmen must be made by freeholders of the town. Section 19 of same chapter. But if the selectmen refuse or neglect to lay out, alter, or discontinue the road, application may be made to the county court by any three or more freeholders of the town or vicinity. The application to the selectmen is necessary to give the county court jurisdiction ; but the application to the county court is not so much in the nature of an appeal, as the one under §41 is, nor as this would be, if it could be had only by the persons who had applied to the selectmen. The neglect or refusal of the selectmen might not be known as promptly to those who might wish to apply to the county court upon their failure to act, as their action would be to a landowner over whose land they had laid a road ; and when known to them, more time might be necessary for them to make their application in, than would be required for him to make his in. These are good reasons for requiring more prompt action in the appeal by the landowner, than in the proceeding under §44, and the proceedings are so different from each other that a fair construction of the statutes will not carry the provision as to when the application must be made along from §41 to §44. The county court found that the proceeding was commenced within a reasonable time after the refusal of the selectmen, and that makes it unnecessary to decide now as to what might be the effect of delay beyond a reasonable time. The only decision made upon this point is, that when brought within

a reasonable time it is in season, although not brought to the next term of the court, and more than twelve days intervene between the refusal of the selectmen and the next term.

The petition did not ask for a highway to be laid out of the county of Windsor, nor the town of Chester, and was well enough in that respect.

The prayer of the petition to this court, as it stood originally, was not exactly proper, because it is asked that a writ of *certiorari* might issue, which is adapted to quashing the whole or some distinct part of erroneous or irregular proceedings, but not to requiring further proceedings. But a motion to amend in this respect having been made and granted, a writ of *mandamus* in the nature of a *procedendo*, directing the county court to entertain and proceed with the petition, is awarded.