ASAHEL S. HYDE & JOHN S. FOSTER *v.* THE COUNTY OF FRANKLIN.

*County orders not negotiable.*

An order drawn by the judges of the county court upon the county treasurer, payable to the order of the person in whose favor it is drawn, is not negotiable so as to enable the endorsee to maintain an action on it in his own name.

ASSUMPSIT for the recovery of the amount due on three orders drawn by the judges of the county court of the county of Franklin upon the treasurer of said county. One of these orders was given to and made payable directly to the plaintiffs; one of the others was given to and made payable to the order of Lewis H. Beals, by whom it was endorsed and delivered to the plaintiffs; and the other was made payable to William C. Wilson or bearer, by whom it was transferred to the plaintiffs.

In reference to the first of these orders substantially the same facts were shown and the same questions presented as in the case of *Campbell* v. *same defendant,* ante p. 178, *q. v.*

In reference to the two other orders, the county court, September Adjourned Term, 1854, — PECK, J., presiding, — decided that the judges of the county court had no power or authority by law, to make county orders negotiable, so as to enable an endorsee to maintain an action on them in his own name, and rendered judgment for the plaintiff for the amount due on the first order only to which decision the plaintiffs excepted; and to the decision and judgment of the court upon the first order, the defendants excepted.

*H. G. Edson*, for the plaintiffs.

*Geo. F. Houghton* and *H. S. Royce*, for the defendants.

The opinion of the court was delivered by

BENNETT, J. The more important questions raised on this bill of exceptions have been argued and decided at the present term of this court, in two other cases against the county of Franklin, and nothing need be added to what has been said in those cases. The present case presents a further question, and that is whether the order drawn by the judges of the county court upon the county treasurer payable to the order of Lewis H. Beals is negotiable, so as to enable the endorsee to maintain an action on it in his own name. At first I was inclined to think that it was, but upon more mature reflection, I am induced to concur in the opinion of my brethren in holding that it is not.

The county of Franklin is a political corporation, and to a certain extent, the judges of the county court are the agents of the county; but their agency is of a limited character.

The statute gives to them the general care and superintendence of all the county property, and it is made their duty to order all such repairs and improvements in and around the court house, jail or other county buildings as shall be necessary, and also keep the same insured, and for all such expenses, they may draw orders upon the county treasurer.

There is no authority given to the judges to bind the county by negotiable paper in the hands of an endorsee, not even by implication; and there is good reason, perhaps, why they should not have such power. If they had such power, their proceedings might be conclusive against the county in favor of a *bona fide* endorsee of one of their orders. But all that is necessary, and all that the statute seems to contemplate is a power to liquidate the amount of the expenditure, and to give an order or certificate that the holder is entitled to recieve a given sum of the treasurer, and here their authority ends. The present plaintiff has no reason to complain of this. The powers of the county judges are derived from a public statute, and he is chargeable with notice of the extent of their powers. We think, then that the order to Beals can operate only as

an assignment of so much of the funds of the county to him, and that it is not negotiable. This same view has been adopted by the New Hampshire court under a statute making similar provisions.

The judgment of the county court is affirmed.