LUCILLIUS A. EMERY & al. *versus* INHABITANTS OF MARIAVILLE.

Town orders, made payable to the order of the payee, and accepted by the treasurer and indorsed by the payee, may be sued in the name of the indorsee.

Such orders are not regarded as commercial paper in the hands of *bona fide* holders for value; but they are subject to the same defence against an indorsee as against the payee.

Emery *v.* Mariaville.

ON REPORT.

ASSUMPSIT on a town order of the following tenor : —

"$300.                              Mariaville, April 19, 1867.

"To Reuben Jellison, Treasurer of the town of Mariaville. Pay Lemuel M. Jordan or order, the sum of three hundred dollars, one year from date, it being town bounty raised for drafted men." The order was signed by three persons, as "selectmen of Mariaville," accepted by Reuben Jellison, and indorsed by L. M. Jordan.

It was proved that the plaintiffs owned the order. The case was reported to the full Court. If the action was maintainable in the names of the plaintiffs, it was to stand for trial.

*L. A. Emery*, for the plaintiffs.

*E. & F. Hale*, for the defendants, cited *Smith* v. *Cheshire*, 13 Gray, 318.

DICKERSON, J. — Assumpsit on an indorsed town order, payable to order, and given for soldiers' bounty.

No question is raised with regard to the legality of the doings of the town in raising the money to pay the bounty, or of the authority of the selectmen to issue any other than a negotiable order; but it is objected that the selectmen had no authority to issue a negotiable order, capable of being sued in the name of the indorsee.

In support of this objection, it is urged that no such power is expressly given by statute, and that it would be dangerous to sanction such a practice, and would enable the selectmen to pay creditors of the town by notes exceeding the amount raised for municipal purposes; and that the town would be liable to *bona fide* indorsees without notice on such orders, without any power to inquire into the consideration, or to avail themselves of any payment, set-off, or other equity, it might have against the payee.

The answer to this objection is,

1. That the order in suit, upon its face advises the holder

of the nature of the consideration, and thereby makes him liable to the same defence as the payee, and

2. That town orders, when payable to order and indorsed, are not, in the purview of the law, regarded as commercial paper in the hands of *bona fide* indorsees for value, so as to exclude evidence touching the legality of their inception; and whoever receives them is subject to the same defence that would be good against the payee. *Willey* v. *Greenbush*, 30 Maine, 452; *Sturtevant* v. *Liberty*, 46 Maine, 459.

*Action to stand for trial.*

APPLETON, C. J., CUTTING, KENT, BARROWS and DANFORTH, JJ., concurred.