Johnson v. The People.

---

## William T. Johnson, Treas., etc.

### v.

## The People, ex rel.

1. County Orders—Not commercial paper.—Ordinary county orders are not commercial paper, so as to be protected in the hands of a *bona fide* assignee for value from such equities and defenses as would be available against the original payee.

2. Mandamus.—Will not lie where the right sought to be enforced is doubtful, the party resorting to this writ must show a clear legal right to have the thing sought by it, done.

Appeal from the Circuit Court of Cook county; the Hon. T. A. Moran, Judge, presiding. Opinion filed March 1, 1881.

Harvey B. Hurd, the relator, filed his petition for a *mandamus* against the county treasurer of Cook county, to compel the payment of the following order:

"No. 19,938.                                               $250.00.

"State of Illinois, }
  "Cook County.  }        Cook County Order.

"Chicago, June 1, 1877.

"The treasurer of Cook county will pay John Comisky or order, two hundred and fifty dollars for clerk of board, out of moneys in the treasury not otherwise appropriated.

"Countersigned and registered.

"L. C. Huck, Treasurer.        Herman Lieb, Clerk."

This order was lost by Comisky, the payee, while on his way to the office of the county treasurer to obtain payment, he having previously indorsed it in blank. On the 25th day of June, 1877, the county board of Cook county passed a resolution instructing its clerk to issue to Comisky a duplicate order for the same amount, to replace the order lost, and such duplicate order was afterwards issued to Comisky, and paid by the county treasurer. On the 19th day of August, 1877, the relator purchased the original order of a party in the city of New York, and afterwards presented it at the office of the county treasurer for payment, which was refused.

On the trial before the court without a jury, the issues were found for the relator, and a peremptory *mandamus* awarded, commanding the county treasurer to pay the relator the amount of the original order, from which judgment this appeal is prosecuted.

Mr. CONSIDER H. WILLETT, for appellant; that mandamus will not lie in such cases, cited The People v. Cairo, 50 Ill. 154; Chicago v. The People, 48 Ill. 416; High on Extraordinary Remedies, 4; Moses on Mandamus, 15; The People v. Clark Co. 50 Ill. 213.

This order was not commercial negotiable paper: Turner v. P. & S. R. R. Co. 95 Ill. 134 ; E. St. Louis v. The People, 6 Bradwell, 76; Madison Co. v. Bartlett, 1 Scam. 67; Pekin v. Reynolds, 31 Ill. 530; Hall v Jackson Co. 5 Bradwell, 609; Lawrence Co. v. Sage, 89 Ill. 265; 1 Dillon on Mun. Corp. § 10.

Mr. HARVEY B. HURD, for appellee; as to the right to recover on lost checks payable to bearer, cited Morris v. Preston, 93 Ill. 265; Morse on Banking, 255; 2 Daniells on Neg. Inst. § 1,572.

County orders are negotiable by indorsement : Garvin v. Wiswell, 83 Ill. 215; Springfield v. Hickox, 2 Gilm. 241; Johnson v. County of Stark, 24 Ill. 85; Sup'rs v. Hubbard, 45 Ill. 139.

Mandamus is the proper remedy : The People v. Smith, 43 Ill. 220 ; The People v. Lippincott, 72 Ill. 578; High on Extraordinary Remedies, § 110; The People v. Crotty, 93 Ill. 180.

BAILEY, J. Ordinary county orders or warrants are not

commercial or negotiable paper, so as to be protected in the hands of *bona fide* assignees for value, from such equities and defenses as would be available against the original payees. This proposition is fully sustained by the authorities. Knapp v. Mayor, etc., of Hoboken, 10 Vroom, 394; Town of Hackettstown v. Swackhamer, 8 Id. 191; The Mayor v. Ray, 19 Wal. 468; Emery v. Inhabitants of Mariaville, 56 Me. 315; Sturtevant v. Inhabitants of Liberty, 46 Id. 457; Willey v. Greenbush, 30 Id. 452; The People v. Gray, 23 Cal. 125; Keller v. Hicks, 22 Id. 457; Dana v. City of San Francisco, 19 Id. 486; People v. Supervisors of El Dorado Co. 11 Id. 170; Clark v. Polk Co. 19 Iowa, 248; Clark v. City of Des Moines, Id. 199; State v. Huff, 53 Mo. 288; Matthis v. Town of Cameron, 62 Id. 504; Smith v. Inhabitants of Cheshire, 13 Gray, 318; Hyde v. County of Franklin, 27 Vt. 185; Ohio v. Treasurer of Liberty Township, 22 Ohio St. 144; Hall v. Jackson Co. 5 Bradwell, 609; 1 Dillon on Munic. Corp. Sec. 406; 1 Daniells on Negotiable Instruments, §§ 420, 427, 428, 435.

In this case the indebtedness represented by the original county order was paid by the county treasurer to Comisky. The issuing of a duplicate order, and the payment of the money on surrender of that order, was only the mode adopted by the county authorities for making payment of the original indebtedness, and preserving a proper voucher of the transaction. This payment would doubtless have been a complete defense against the original order in the hands of Comisky, and the payment having been made so far as appears, without notice to the county authorities that the original order had come into the hands of the relator, or had even got into circulation, we are unable to see why the same defense is not equally available as against the relator.

The rule is inflexible, even since the passage of the amendatory act of 1874, that mandamus will not lie where the right sought to be enforced is doubtful. The party resorting to this writ must show a clear legal right to have the thing sought by it done. People v. Village of Crotty, 93 Ill. 180; People v. Klokke, 92 Id. 134. The least that can be said in this case is,

that the relator has failed to show such clear legal right to payment of the county order in question as can entitle him to have such payment enforced by mandamus. On the facts appearing at the trial the court should have dismissed the writ. The judgment will accordingly be reversed and the cause remanded.

Judgment reversed.