BLAISDELL AND BARRON, ADMINISTRATORS, *v.* SCHOOL DISTRICT No. 2 IN WESTMORE.

October Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed December 1, 1899.

*Construction of record—Extrinsic fact—*A finding that a school district meeting was held March 30, 1880, is sustained by the facts that the meeting was warned for the last Tuesday in March, that the record of the meeting showed that the voters met agreeably to the warning, and that the last Tuesday in March of that year was the 30th, notwithstanding the fact that the record of the proceedings is under date of March 29, 1880.

*Negotiability of school district order—*An order, negotiable in form, drawn on the treasurer of a school district by the prudential committee thereof, is negotiable in law.

*No. 20, Acts of 1892,* relating to public instruction, which provided that outstanding debts for repairs on school houses should be paid by the towns, fixed the liability as between the towns and the school districts, but did not discharge nor attempt to discharge, the districts from liability to their creditors.

*School district order—Demand—Statute of limitations—*No cause of action as to the principal of a school district order accrues till demand of payment, and when demand of payment on such an order, dated more than six

years before the commencement of suit, was not made until within six years of such commencement, the action is not barred.

*Exceptions—Questions raised below must be shown*—A question not shown to have been made below will not be considered, and if a transcript of the entire case is referred to for exceptions, any exception relied on should be pointed out to the court.

*Exceptions—Reference to the entire case*—The practice of referring to a transcript of the whole case is objectionable in the extreme.

SPECIAL ASSUMPSIT on a school district order. Pleas, the general issue, with notice of special matter, and the Statute of Limitations. Trial by court. Orleans county, March Term, 1899, *Start*, J., presiding. Judgment for the plaintiffs for the amount found due upon the order. Defendant excepted.

The order sued on read as follows :

" WESTMORE, VT., Feb. 21, 1881.

To the treasurer of school district No. 2, in the town of Westmore. Pay to Calvin Gibson or bearer the sum of four hundred and sixteen dollars and fifty cents and interest annually on said sum out of any money in the treasury not otherwise appropriated, it being the amount due him for money furnished to pay the liabilities of said district.

A. A. BROWN,
Prudential Committee."

This order was executed and delivered to said Calvin Gibson, on or about the date which it bears. At the time suit was brought the plaintiffs were the holders of the order, as the personal representatives of one B. M. R. Nelson, to whom the order was transferred shortly after it was given. The writ was dated January 19, 1898.

*W. W. Miles* and *Young & Young* for the plaintiffs.

*Bates, May & Simonds* for the defendant.

ROWELL, J. Question is made as to the legality of the election of Brown, who drew the order in suit as prudential committee. The warning for the annual meeting of 1880 was

dated the, 23d of March, and called the meeting for the last Tuesday of March, which was the 30th. The record of the votes and proceedings of the meeting is under date of March 29th, but states that the voters met agreeably to the warning. The court found that the meeting was duly warned and held, and that Brown was elected prudential committee thereat, and acted, and was recognized and treated by the district, as such during the year. As the finding as to the warning and holding of the meeting is supported by the record, taken with the extrinsic fact that the last Tuesday of March was the 30th day, it must stand, and makes the legality of Brown's election unquestionable, as the meeting was warned the requisite time.

The order was drawn on the treasurer of the district in favor of Gibson or bearer, and is therefore negotiable in form. But the defendant claims that it is not negotiable in law, and that therefore the plaintiffs cannot recover thereon, although the testator was the owner and holder thereof ; and *Hyde and Foster* v. *The County of Franklin*, 27 Vt. 185, is relied upon in support of the claim, in which it was held that an order drawn by the judges of the County Court on the county treasurer, was not negotiable in law though negotiable in form. The case was put upon the construction of the statute, which was held to authorize the judges only to liquidate the amount of the expenditure and to give an order or a certificate that the holder was entitled to recover that amount from the county treasurer, and that then their authority ended. But the court had before that in *Dalrymple* v. *Whitingham*, 26 Vt. 345, given a different construction to the statute authorizing selectmen to draw orders on the town treasurer, and held that such orders when negotiable in form are negotiable in law, and that the transferee thereof can recover thereon in his own name. And in *Davenport* v. *Johnson*, 49 Vt. 403, it is said that the negotiability of such orders arises from the form of the instrument, and does not depend upon demand of payment.

The statute authorizing the prudential committee of a school district to draw orders on the district treasurer, is like the statute authorizing the selectmen of a town to draw orders on the town treasurer, and there is no reason why it should not receive the same construction, and consequently none, why a school-district order should not be as negotiable as a town order, and we hold that it is.

It is claimed that the order in suit evidences a debt that accrued for repairs on the school house, and so is for the town to pay, under the act of 1892 relating to public instruction, and that therefore the district is not liable. But if it is for the town to pay, and if the town is liable directly to the plaintiffs, it does not follow that the district is not also liable to them. The statute does not undertake a substitution of debtors by compelling creditors to look to the town instead of the district. The existence of school districts is continued by the act for the settlement of their pecuniary affairs, and they are as liable to their creditors now as ever. The statute provides that outstanding debts for repairs on schoolhouses shall be paid by the towns. This fixes liability as between the towns and the districts for that class of debts; but it does not attempt to discharge the districts from liability to their creditors, and therefore it is unnecessary to inquire whether it could do that.

It is immaterial whether the twenty-five-dollar payment of February 14, 1894, was effective to remove the bar of the Statute of Limitations, for no cause of action accrued as to the principal of the order till demand of payment, and it is found that no such demand was made prior to 1893, which was within six years of the commencement of the suit. The statute provides that the duties of school district treasurers shall be like those of town treasurers, and that town treasurers shall pay orders drawn on them by the selectmen and overseers of the poor, and that if they do not pay them on demand, the holder thereof may recover the amount of the town. It has been held that the office of this latter statute is, to regulate the right of action on the orders, and

that it makes demand of payment a condition precedent to the right of recovery against the town.   The duty of district treasurers being the same as the duty of town treasurers, namely, to pay on demand, the same rule applies to district orders as to town orders.   And besides, by the general law, actions will not lie on municipal orders till they have been presented to the proper officer for payment.   *Varner* v. *Nobleborough*, 2 Greenl. 121, 11 Am. Dec. 48; *City of Pekin* v. *Reynolds*, 31 Ill. 529, 83 Am. Dec. 244; 15 Am. & Eng. Ency. Law. 1211; 14 Ency. Pl. & Pr. 260.

It is objected that the prudential committee had no authority as such to issue this order, as it was given to take up another order that the payee held.   Neither the exceptions nor the facts found, to which the exceptions refer to show the mooted questions and the claims of the parties, show that this question was made below.   The exceptions refer to the reporter's transcript of the entire case, to show the tendency of the evidence, the claims and objections of counsel, the rulings of the court, and the exceptions thereto.   No exception of this kind has been pointed out in the transcript, which is voluminious, gives no clew to exceptions, and has not been searched.   The practice of referring to a transcript of the whole case for exceptions is objectionable in the extreme, and should be discontinued.   The bill of exceptions should show on its face what the exceptions are.

*Judgment affirmed.*