May Term, 1855.

THE BOARD OF COMMIS-SIONERS OF TIPPECANOE COUNTY v. COX.

-----

THE BOARD OF COMMISSIONERS OF TIPPECANOE COUNTY
*v.* COX.

By the act of 1841, "to provide for the payment of the debts contracted by the late mayor and common council of the town of *Lafayette*, under the charter of said town," the board of commissioners of *Tippecanoe* county were constituted a Court of claims to adjudicate upon the demands against the late corporation, with power to levy and collect from the corporators alone the necessary taxes to pay said demands.

Neither the auditor nor the board of commissioners of *Tippecanoe* county had authority, under that act, to issue an order for the payment of a demand against the late corporation of *Lafayette* out of the general funds of the county.

An agent may bind his principal by acts, and sometimes by omissions of duty, but he can not bind others.

APPEAL from the *Tippecanoe* Circuit Court.

GOOKINS, J.—*Cox*, as assignee of *Ellis*, brought a suit against the board of commissioners of *Tippecanoe* county, on two county orders, one of which is in the following form :

" $50. No. 94. Treasurer of *Tippecanoe* county: Pay to *John T. Ellis*, or bearer, fifty dollars, for (in part) services

Monday,
June 11.

May Term,
1855.

THE BOARD
OF COMMIS-
SIONERS OF
TIPPECANOE
COUNTY
v.
COX.

as corporation officer, out of any moneys in the treasury not otherwise appropriated, by order of the board of commissioners of said county, at their special *September* session, 1841. This 28th day of *September*, 1841. [Signed,] *David Webb*, auditor."

The other order is for 63 dollars and 59 cents, and differs from the preceding only in amount. It is agreed that they were duly assigned to the plaintiff.

In 1840 an act was passed repealing the charter of the town of *Lafayette*. Local Laws 1840, p. 69.

In 1841 the legislature passed " an act to provide for the payment of the debts contracted by the late mayor and common council of the town of *Lafayette*, under the charter of said town." Local Laws 1841, p. 103. The defendants, in their answer, set out this act in full. It authorizes the board of commissioners to receive and adjudicate upon the claims left unpaid by the mayor and council, at their dissolution, and to authorize their payment by the county treasurer, out of any moneys in his hands collected for the payment of said debts. On ascertaining the amount due, they were authorized to levy an *ad valorem* tax upon the property taxable under the charter, sufficient to pay the claims, and all expenses, and to appoint a collector to collect said taxes, (prescribing the mode of proceeding,) and to pay them to the county treasurer, who is required to receive and pay out the money collected by virtue of said act, upon the order of the board of commissioners. The answer then alleges that the board, at a special session, (which they were authorized to hold under the act,) made an allowance to *Ellis* for services rendered the corporation as street commissioner, wharf-master, &c., to be paid out of the funds of the corporation, for which the orders mentioned in the complaint were issued by the auditor; that they made the proper assessment, and at a meeting in *October*, 1841, upon the business of the corporation, they appointed one *Timothy Dame* collector of said taxes, who refused to accept the appointment; that at a subsequent meeting in *November,* they appointed one *Edmunds* a collector of said taxes, who

May Term,
1855.

THE BOARD
OF COMMIS-
SIONERS OF
TIPPECANOE
COUNTY
v.
COX.

also refused to accept the appointment; and that none of said taxes, nor any other moneys of said corporation, were ever collected or paid into the county treasury.

To this answer the plaintiff demurred. The demurrer was sustained, and final judgment was rendered for the amount of the orders, from which the commissioners appeal.

This judgment we think can not .be sustained. The auditor was not authorized to issue an order, payable out of any moneys in the treasury not otherwise appropriated, and in doing so he transcended his authority. The order of the board of commissioners was that *Ellis* should be paid out of the funds of the corporation, and the auditor's warrant should have conformed to it. His duties are ministerial, and he has no power to charge the county with a liability of this kind, without the authority of the commissioners.

Nor have the board of commissioners any authority to make such allowance to be paid out of the county treasury generally. They seem to have been constituted a Court of claims, to adjudicate upon the demands against the late corporation, with power to levy and collect the necessary taxes from the corporators to pay them. They adjudicated upon the claims, and levied the necessary taxes to pay them, but the collectors they appointed refused to act. Perhaps they have neglected their duty in not appointing a collector who would perform the prescribed service. If so, they may have made themselves personally liable; but that is no reason why the county should be charged with the payment of those debts. The act only authorizes them to direct their payment out of moneys in the treasurer's hands collected for that particular purpose; and had they ordered them to be paid out of any money in the treasury, they would have transcended their authority as much as the auditor did in drawing the orders. They were the agents of the town in this business and not of the county. An agent may bind his principal by acts, and sometimes by omissions of duty, but he can not bind others.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the suit.

*H. W. Chase* and *J. A. Wilstach*, for the appellants.

*S. A. Huff*, for the appellee.