HON. T. O. C. HARRISON, } JUDGES.
HON. T. L. NORVAL,

HON. ROBERT RYAN,
HON. JOHN M. RAGAN, } COMMISSIONERS.
HON. FRANK IRVINE,

## SARAH C. WEBSTER, APPELLANT, V. CITY OF LINCOLN ET AL., APPELLEES.

FILED DECEMBER 16, 1896.   No. 6444.

1. **Appeal from Board of Equalization.**  No appeal will lie from the determination of a board of equalization on a hearing of a matter of equalization of an assessment of taxes, unless an appeal is provided by law.

2. ———: JUDGMENT.  The decision of a board in the equalization of an assessment of taxes is final and the consequent order a final one; hence it may be reviewed by an error proceeding.

3. ———.  As a general rule, a proceeding in error to review the order of a board of equalization, in a matter within its jurisdiction, will afford an adequate remedy.

4. **Taxation:** INJUNCTION: PLEADING AND PROOF.  In an action to enjoin the collection of taxes resulting from an order of a board of equalization, where it is claimed a remedy by an error proceeding would be inadequate, the facts upon which such claim is based must be pleaded and proved.

5                         (1)

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J. *Affirmed.*

The opinion contains a statement of the case.

*J. R. Webster, G. M. Lambertson,* and *Samuel J. Tuttle,* for appellant:

There is no provision by law for review of the proceedings of the board of equalization by appeal, and the remedy by proceeding in error is not available in such cases, because the board is so constituted that error will not appear ordinarily on the face of the record of its proceedings, and there is no provision for making a bill of exceptions. (*Sioux City & P. R. Co. v. Washington County,* 3 Neb., 40; *Nance v. Falls City,* 16 Neb., 86; *Bradley v. City of Eau Claire,* 14 N. W. Rep. [Wis.], 10; *Ruggles v. City of Fond du Lac,* 53 Wis., 436; *Kelley v. City of Madison,* 43 Wis., 638; *McGee v. State,* 32 Neb., 149.)

Injunction is the proper remedy. (*Hanscom v. City of Omaha,* 11 Neb., 42; *Hurford v. City of Omaha,* 4 Neb., 336; *South Platte Land Co. v. Buffalo County,* 7 Neb., 257; *Touzalin v. City of Omaha,* 25 Neb., 824; *Darst v. Griffin,* 31 Neb., 672; *Lansing v. City of Lincoln,* 32 Neb., 470; *Reddick v. City of Omaha,* 35 Neb., 128.)

The arbitrary assessment made is contrary to the constitution of the state and beyond the power of the council, because it exempts some benefited property from contributing to cost of the improvement and imposes the entire cost on appellant's property. (*Hanscom v. City of Omaha,* 11 Neb., 41; *Kittle v. Sherwin,* 11 Neb., 81; *City of Ottawa v. Barney,* 10 Kan., 278.)

*Abbott, Selleck & Lane, Walter J. Lamb, H. J. Whitmore,* and *Atkinson & Doty, contra:*

Exclusive jurisdiction is given to the mayor and council to determine what property within the paving district is benefited by the improvement, and the amount of benefit to be assessed to each piece of property (*Kansas*

*City v. Baird*, 11 S. W. Rep. [Mo.], 562); and such juris-diction, when so exercised by the mayor and council, is exclusive, and its determination, where it has obtained jurisdiction, is conclusive, when attacked collaterally. (*Hagar v. Reclamation District*, 111 U. S., 709.)

Where a party seeks to enjoin the collection of a tax upon real estate, he must set forth such facts in his peti-tion as will show the tax to be either void or its enforce-ment inequitable. (*Dundy v. Richardson County*, 8 Neb., 508; *South Platte Land Co. v. City of Crete*, 11 Neb., 344; *Spargur v. Romine*, 38 Neb., 736.)

The action of the mayor and city council determining the amount of special benefit is conclusive. (*Fagan v. City of Chicago*, 84 Ill., 231; *Bigelow v. City of Chicago*, 90 Ill., 49; *Davies v. City of Saginaw*, 87 Mich., 439; *Litchfield v. Vernon*, 41 N. Y., 123; *Town of Macon v. Patty*, 57 Miss., 378; *City of St. Louis v. Œters*, 36 Mo., 456; *City of Phila-delphia v. Field*, 58 Pa. St., 320; *Mayor of Baltimore v. Johns Hopkins Hospital*, 56 Md., 1; *Teegarden v. City of Racine*, 56 Wis., 545; *Chamberlain v. City of Cleveland*, 34 O. St., 552; *Grand Rapids School Furniture Co. v. City of Grand Rapids*, 52 N. W. Rep. [Mich.], 1028.)

A court of equity has no jurisdiction to re-examine the proceedings and judgments of the city court in reference to assessments. (*Methodist Church v. City of Baltimore*, 6 Gill [Md.], 391; *McGee v. State*, 32 Neb., 149; Welty, As-sessments, sec. 312.)

HARRISON, J.

The plaintiff commenced this action against the city of Lincoln to restrain the collection of what was alleged to be an inequitable tax assessed upon her property to pay the cost of paving on the street which the property adjoins. The Lambertsons, of defendants, were brought into the case, or impleaded, at the instance of the city and filed a cross-petition, by which it was sought to have the collection of special taxes against their property re-strained, the reasons for the relief, as to them, being in

substance the same as those alleged to exist as to the property of plaintiff. The situations, relatively, of the streets and the properties affected by the taxes assessed to pay for the improvement of one street (Fourteenth), being that toward which our attention must be particularly directed at this time, will be quite readily understood from a perusal of the findings of the district court at the time it determined the issues presented in the case and which we will hereinafter quote. It appears that during the pendency of the suit the properties were sold at delinquent tax sale and that further pursuance of such proceedings has been enjoined. Tender of the amount conceded to be due was in each instance made to the proper officer. Trial of the cause in the district court resulted in a judgment favorable to the city, of the dismissal of the action of the petitioner and cross-petitioner. The findings of the trial court were as follows:

"1. The defendant, the city of Lincoln, is a municipal corporation organized under the laws of the state of Nebraska, as a city of the first class with over twenty-five thousand inhabitants.

"2. That the plaintiff is the owner of lot No. 36, described in her petition, with Q street on the south and Fourteenth street on the west; and that the defendant Lambertson is the owner of lot No. 35, described in said Lambertson's cross-petition, with R street on the north and Fourteenth street on the west; that each of said lots is 150 feet square, and together constitute a strip of land 300 feet long, north and south, and 150 feet wide, east and west; that the block of which said lots form a part is a rectangular tract extending 300 feet north and south and 720 feet east and west, and is bounded by Q street on the south, Fourteenth street on the west, R street on the north, and Sixteenth street on the east.

"3. That by ordinance duly passed and approved February 2, 1888, the defendant city created paving districts Nos. 4, 5, 6, 7, 8 of said city; that said ordinance was amended by ordinance approved February 23, 1888, the

material part of said ordinance being annexed to said city's cross-petition, marked 'Exhibit A,' and was subsequently amended by ordinance approved May 27, 1890, the material part of which is annexed to said city's cross-petition, marked 'Exhibit B.'

"4. That said district No. 5, as so created by said ordinances, included the streets and intersections surrounding the block described in finding 2, and including 150 feet upon each side of the said streets.

"5. That by ordinance approved April 23, 1891, the said defendant city further amended the said ordinance creating the said paving districts, and in said amended ordinance it was provided that the fifth paving district should include all estate on both sides of the streets in said district to the depth of 150, except that estate on the west side of Sixteenth street between Q and R streets, and that estate on the east side of Fourteenth street between Q street and R street, which shall be the depth of 360 feet.

"6. That by ordinance approved February 20, 1888, the defendant city ordered said paving districts Nos. 3, 4, 5, 6, 7, and 8 paved.

"7. That in pursuance of said order, that portion of Q, R, and Fourteenth streets surrounding the block above described was paved in 1890, and that portion of Sixteenth street adjoining said block was paved in 1891.

"8. The cost of paving Q and R streets adjoining said block was duly assessed by said defendant city upon all the property in said block fronts proportionate to the front feet of the respective lots in the block and to the depth of 150 feet.

"9. That on the 26th day of May, 1890, the defendant city made an assessment upon the block in question for the paving of Fourteenth street adjoining said block, and in making such assessment the said defendant city assessed the first 25 feet with 33 1-3 per cent of the cost of said paving, the second twenty-five feet with 20 per cent of the cost of such paving, the third 25 feet with 16 2-3

per cent of the cost of such, the fourth, fifth, and sixth 25 feet each 10 per cent; the total assessment being made to the depth of 150 feet from said Fourteenth street, and no more.

"10. That on the —— day of ——, 1891, the defendant city made an assessment upon the block in question for the paving of that portion of Sixteenth street adjoining the said block, and in making such assessment the defendant city assessed the property in said block to the middle thereof, a distance of 360 feet, dividing said distance into six equal.parts, and assessing these parts in accordance with the rule laid down in finding 9, assessing the first 60 feet west of Sixteenth street at 33 1-3 per cent of the entire amount of such assessment, the second 60 feet 20 per cent thereof, the third 60 feet 16 2-3 per cent thereof, the fourth, fifth, and sixth 60 feet each 10 per cent of such assessment.

"11. The original plat of the city of Lincoln divides the original city into blocks 300 feet square, and in paving said original city the defendant has adopted and followed the plan of assessing the lots in such blocks in accordance with the foot frontage as to the paving in front of the lots, and assessing the said lots in accordance with the rule laid down in finding 9, as to the side streets of said lots or blocks, and assessing to the center of the said blocks.

"12. The assessment as set forth in finding 9 leaves 210 feet in the rear of the property assessed for the paving of Fourteenth street, extending to the middle of the block, that would bear no burden and no assessment for the paving of the side streets east and west. of said block.

"13. None of the owners of this 210 feet above referred to have any access from their property to said Fourteenth street through any alley or over any property fronting or abutting said Fourteenth street owned either by the plaintiff or Lambertson, and the property of the plaintiff and Lambertson occupies all the frontage of Fourteenth street between Q and R streets to the depth of 150 feet.

"14. Fourteenth street is a cross-street of great length, upon a section line connecting the county roads north and south from the city, and is beneficial to the interior of the block in question to not less extent than the paving of Sixteenth street; and the paving of said Fourteenth street, or that portion of it adjacent to the said block, is of special benefit to all the property extending east to the middle of the block, but the extent of such special benefits and its particular distribution as to such property is not shown by the evidence.

"15. The plaintiff and defendant Lambertson each tendered, respectively, the sum of $464.75 within the fifty days allowed by law for the payment of special assessments and for the benefit of paving Fourteenth street adjacent to their said property; and if apportioned in one-sixth part back to the middle of the block, in accordance with the plan laid down in finding 9, the said sum was the proper sum to be tendered and paid. The said sum was tendered to defendant city and by defendant city refused.

"16. Complainants Webster and Lambertson each appeared before the city council of the defendant city, sitting as a board of equalization upon the said Fourteenth street assessments, and objected to the assessments proposed to be made upon their property as set forth in finding 9, for all the cost of such improvement, and demanded that the assessment be extended to include the property to the middle of the block, a distance of 360 feet from said Fourteenth street; but such demand was by the said board refused, and the assessment was made by the said board of equalization against the protests of the said complainants.

"17. The action of the city council and the board of equalization of the defendant city in making such assessment and levy upon the property of the complainants Webster and Lambertson has never been appealed from, reversed, vacated, or in anywise canceled or set aside.

"18. Since the bringing of this suit the Farmers Loan

& Trust Company, of Sioux City, Iowa, defendant herein, purchased the property of the plaintiff and defendant Lambertson for non-payment of special paving assessments for the paving of Fourteenth street, and now holds the certificate of purchase."

There were further findings, as follows:

"1. That the city council of the defendant, the city of Lincoln, sitting as a board of equalization, in acting upon the special assessments complained of in plaintiff's petition, and complained of in defendant's, Lambertson's, and Samuel J. Tuttle's, guardian *ad litem*, cross-petitions, acted within its authority, and at the time of so acting had jurisdiction of the persons and the subject-matter concerning which it purported to act.

"2. That the action of such board of equalization, unappealed from, was final.

"3. That the plaintiff and defendant Lambertson had an adequate remedy at law, by writ of error from the action of such board of equalization.

"4. That the action of such board of equalization is a bar to this action."

The record of the proceedings of the city council at the time of the assessment of the taxes in question, as introduced in evidence, was as follows:

"*Resolved*, By the mayor and city council of the city of Lincoln, Nebraska, that the cost of paving the streets and alleys in paving district No. 5, in said city, as the said improvement was completed up to the 1st day of April, 1890, and being the following streets and alleys, to-wit: Q street from Eleventh to Sixteenth, R street from Ninth to Seventeenth, Fourteenth street from O to R, be, and the same is hereby, levied and assessed upon the respective property in said district, subject to assessment for the cost thereof, in accordance with the special benefits accruing to said property by reason of said completed improvement;  *  *  *  that the real estate in each quarter block is benefited by said improvement to an amount equal to the whole cost of the improving the one-

half of the streets and alleys in its front;   *   *   *   that
the first one-sixth of each quarter block next to the street
or alley paved is specially benefited to an amount equal
to thirty-three and one-third per cent of the cost of such
improvement along its front; the second one-sixth is spe-
cially benefited to an amount equal to twenty per cent
of such cost; that the third one-sixth is specially bene-
fited to an amount equal to sixteen and two-thirds per
cent, and the fourth, fifth, and sixth one-sixths are each
specially benefited to an amount equal to ten per cent;
*   *   *   that the special benefits to each of the respect-
ive pieces and parcels of real estate in said paving dis-
trict, by reason of the completion of said improvement,
is as shown by the tabulated statement hereto attached,
and the cost of said improvement is hereby apportioned
and levied and assessed upon the several parcels of real
estate in accordance with benefits and as shown by said
statement aforesaid," etc.

The tabulated statement referred to in the record we
have just quoted showed the plaintiff's property and the
Lambertsons' property as charged with the whole of the
taxes by divisions of one-sixths, or twenty feet, instead of
being, as contended it should have been, by one-sixth di-
visions, or sixty feet of the 360 feet from the street to the
center of the block.   According to the provisions of the
statutory law governing cities of the class to which Lin-
coln belongs, the mayor and council were empowered to
make the assessments and levy the special assessments,
and there was also a board of equalization composed of
the members of the city council before which any parties
who desired to complain of assessments might appear
and present their grievances for hearing and adjustment.
The matters of assessments of plaintiff's and the Lam-
bertsons' property were brought before the board of
equalization and a hearing had and the following record
made of the action then taken:

"*Resolved*, That the remonstrances against the assess-
ment of paving in the fifth district as made by Mr. Lam-

bertson, Mr. Hargreaves, and others be placed on file, and that the board of equalization refuse to make the change, for the reason that a change would necessitate a change in the ordinance, and the present rate does not work an injustice compared with paving (page 433) and assessments elsewhere in the city."

The mayor and council were authorized by statute to establish paving districts and to assess the cost of paving streets upon the lots and lands especially benefited by the improvements in such district, in proportion to benefits derived therefrom, to be determined by the mayor and council under the provisions of the act.

One question presented for determination is, the complaining parties having appeared before the regularly convened board of equalization and been accorded a hearing, did an appeal lie from the action of such board in respect to the matters adjudicated, or could such action have been reviewed through the medium of error proceedings to the district court, and if, by either appeal or error, review might be had, was the remedy adequate and the only one available to the parties? The law gave no right of appeal from the determination of the board of equalization, and where no right of appeal is provided by law, none exists; hence there was no right of appeal here. The hearing before the board of equalization was one having the semblance of a trial, and the tribunal, the board of equalization, was called upon to consider and adjudicate the questions presented and the determination made was a final disposition, the order made a final one, and hence reviewable in error proceedings to the district court. (Code of Civil Procedure, sec. 580; *Sioux City & P. R. Co. v. Washington County*, 3 Neb., 30.) As a general rule, this would furnish an adequate remedy, and no relief could be sought or afforded by means of proceedings to enjoin any action resulting from and enforcing the adjudication or order of the board of equalization. But it is urged here that there exists no provision of law for perfecting a bill of exceptions of any

matters entering into a hearing before a board of equali-
zation which would necessarily require presentation in
such form in order to their proper presentment to the
appellate court in error proceedings thereto to secure a
review of the action of the board; that where the alleged
errors would appear on the face of the record, the remedy
by petition in error would be adequate, and an applica-
tion for an injunction would not lie or be entertained; but
where evidence was introduced before the board of sub-
jects otherwise extrinsic to the record, then a bill of
exceptions would become indispensable and could not be
obtained, from the very nature of the tribunal, its forma-
tion, and the cause of the hearing before it.   Whether
or not a bill of exceptions of any portions of the presenta-
tion of the equalization of an assessment before the board
could be obtained, and if not, in such case the remedy
by error proceedings be inadequate, and an action to
procure an injunction, therefore, proper and allowable,
need not now be discussed or decided.   The question does
not arise herein.   It is not pleaded, nor does it otherwise
appear that in the presentation to the board of equali-
zation of the complaint in regard to the assessments of
taxes involved in this action, and against the collection
of which a restraining order was demanded, that any evi-
dence was introduced, or any matters presented which
required presentation by a bill of exceptions to make
them a part of the record in error proceedings to the re-
viewing court.   If it was sought to found the right to an
action to enjoin on the inadequacy of the remedy by error
proceedings, the facts upon which such claim was based
should have been pleaded and proved.

The conclusions reached on the questions considered
dispose of the case without a discussion and determina-
tion of any of the other matters argued.   The judgment
of the district court is

AFFIRMED.